O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE C. H.,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 2:17-cv-04106-KES<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**BACKGROUND**

On October 25, 2013, Willie C. H. ("Plaintiff") filed an application for supplemental security income ("SSI") alleging disability commencing August 1, 2013. Administrative Record ("AR") 122.

On August 19, 2015, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE"). AR 33-58. On September 16, 2015, the ALJ

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

issued a decision denying Plaintiff's SSI application. AR 18-32. The ALJ found that Plaintiff suffered from medically determinable severe impairments consisting of "a history of left shoulder surgery; hypertension; coronary artery disease; and a history of a myocardial infarction." AR 23. Despite these impairments, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work "except for any work involving more than frequent stooping, kneeling, crouching or crawling; and more than frequent climbing ladders, walking on uneven terrain, or working at heights." AR 24. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967. Generally, light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Social Security Ruling ("SSR") 83-10.

Based on this RFC and the VE's testimony, the ALJ found that Plaintiff could work as a cashier II, Dictionary of Occupational Titles ("DOT") 211.462-010; housekeeping cleaner, DOT 323.687-014; and sales attendant, DOT 299.677-010. AR 27. The ALJ concluded that Plaintiff was not disabled. AR 28.

Plaintiff requested that the Appeals Council review the ALJ's decision. AR 14-17. The Appeals Council denied the request for review on April 5, 2017. AR 1-7. In denying the request, the Appeals Council noted that Plaintiff had presented new evidence to the Appeals Council that had not been presented to the ALJ, consisting of the following:

- Records from Martin Luther King Jr., Outpatient Center ("MLK Center") from February 17, 2015 through August 13, 2015[2];
- Records from MLK Center from September 22, 2015, through December 23, 2015; and
- A residual functional capacity form ("RFC Form") dated December

---

[2] These medical records are found at AR 545-54.

4, 2015, with an illegible signature.
AR 2. The Appeals Council made the earlier MLK Center records part of the record but found that they did not provide a basis for changing the ALJ's decision. Id. The Appeals Council declined to make the other new evidence part of the record, reasoning that it provided information about a later time and did not pertain to whether Plaintiff was disabled before September 16, 2015. Id.

## II.
## STANDARD OF REVIEW

A district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Comm'r of SSA, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

## III.
## ISSUE PRESENTED

Plaintiff's appeal presents the sole issue of whether the ALJ's RFC has the support of substantial evidence. (Dkt. 30, Joint Stipulation ["JS"] at 4.) Plaintiff contends that as the result of his submission of new evidence to the Appeals Council, the RFC assessed by the ALJ is not supported by substantial evidence. Id.

Plaintiff failed to attach the more recent MLK Center records as exhibits to the JS or to the Notice of Lodging filed on June 21, 2018, in response to the Courts request to provide missing exhibits. (See Dkt. 31.) In the JS, Plaintiff fails to discuss how any of the MLK Center records affect the denial of his SSI application. Because these MLK Center records appear immaterial to Plaintiff's appeal, the Court does not address them in this opinion.

Rather, Plaintiff's entire argument is that the RFC Form completed by Jacqueline Schwartz, M.D., from Harbor-UCLA Medical Center, should have been considered by the Appeals Council and should have tipped the scale in favor of reversing the ALJ's decision.

## IV.
## DISCUSSION

**A. Rules Governing New Evidence Presented to the Appeals Council.**

After the ALJ renders a decision denying benefits, the claimant may seek review by the Appeals Council. 20 C.F.R. § 416.1470. The Appeals Council will review the case under circumstances enumerated in the regulations, including where the ALJ's action, findings, or conclusions are not supported by substantial evidence. Id. § 416.1470(a)(3).

When the Appeals Council "declines review, 'the ALJ's decision becomes the final decision of the Commissioner,' and the district court reviews that decision for substantial evidence, based on the record as a whole." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161-62 (9th Cir. 2012) (citation omitted). The

"record as a whole" includes any new evidence made part of the record by the Appeals Council, and "the district court must consider [that new evidence] when reviewing the Commissioner's final decision for substantial evidence." Id. at 1163.

Here, the Appeals Council declined to make the RFC Form part of the record.³ Thus, Plaintiff's appeal falls under "sentence six" of 42 U.S.C. § 405(g), which provides for district court review of the Social Security Administration's final decision. See Will v. Colvin, No. 14-00754, 2016 WL 3450842, at *6-10 (D. Or. May 18, 2016) (holding that, because Appeals Council did not make new evidence part of the record, resolving issue of remand was pursuant to sentence six), adopted, 2016 WL 3457017 (D. Or. June 20, 2016); Armani v. Colvin, No. 14-175, 2015 WL 3561670, at *2 (W.D. Wash. May 19, 2015) (considering under sentence six evidence not incorporated into the administrative record by the Appeals Council), adopted, 2015 WL 3567061 (W.D. Wash. June 5, 2015). That statute provides, in relevant part: " The Court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Thus, remand here is appropriate only if (1) the RFC Form is "material" and (2) there was "good cause" for the failure to incorporate such evidence into the record in prior administrative proceedings.

To be material, the new evidence must bear "directly and substantially on the matter in dispute." Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (citation omitted). This means that the new evidence is "probative of [the claimant's]

---

³ Plaintiff argues that the Appeals Council "expressly stated" that they considered the RFC Form in reviewing the ALJ's decision and should have made it part of the record. (See JS at 6-7.) The Court disagrees. The Appeals Council in fact concluded that the form was irrelevant, because it did not affect the decision about whether Plaintiff was disabled on or before September 16, 2015. (See AR 2.)

condition as it existed at the relevant time—at or before the disability hearing." Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511 (9th Cir. 1988). Materiality requires claimants to "demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." Mayes, 276 F.3d at 463.

"To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." Mayes, 276 F.3d at 463 (9th Cir. 2001); see also Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied.").

**B. The RFC Form.**

Because the RFC Form was not part of the administrative record in this case, the Court asked Plaintiff to lodge it with the Court, which Plaintiff did. (See Dkt. 31-1 [RFC Form].) In the RFC Form, Dr. Schwartz indicated that she had treated Plaintiff for six months, i.e., since about June 2015. (Id. at 1.) Dr. Schwartz diagnosed Plaintiff with angina and coronary artery disease. (Id.) Dr. Schwartz offered several opinions about Plaintiff's exertional abilities that are inconsistent with an RFC for light work. For example, when asked how many blocks Plaintiff could walk without rest or severe pain, Dr. Schwartz answered, "<1." (Id.) Dr. Schwartz also opined that Plaintiff could stand for less than 2 hours total in an 8-hour workday, sit for at least 6 hours out of an 8-hour workday, and lift 10 pounds rarely and lift weights less than 10 pounds frequently. (Id. at 1-2.) Dr. Schwartz concluded that Plaintiff "can perform sedentary job. He cannot perform job that requires ambulation or lifting" because his "exercise tolerance [is] limited by angina." (Id. at 3.)

**C. Analysis.**

    **1. Materiality.**

Medical opinions that describe a deterioration in the claimant's condition after the ALJ's decision are not probative of the claimant's condition during the relevant time period. Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988) (contrasting relevant, retrospective medical opinions with irrelevant medical opinions describing "any deterioration in [the claimant's] condition subsequent to" the relevant cutoff date); Hall v. Secretary of Health, Educ. & Welfare, 602 F.2d 1372, 1377 (9th Cir. 1979) (new evidence "was of extremely doubtful relevance because it was based on an examination eight months after [claimant's] insured status"); Chavolla v. Colvin, No. 13-3943, 2014 U.S. Dist. LEXIS 32132, at *5-6 (C.D. Cal. Mar. 11, 2014) ("Dr. Lane's opinions from July and September 2009 were not probative evidence of plaintiff's limitations during the earlier, relevant period of June 27, 2007, to May 20, 2009….").

    Here, Dr. Schwartz's RFC Form is dated December 4, 2015, with the length of the patient/doctor relationship being six months. The ALJ issued his decision on September 16, 2015. Therefore, about one half of Plaintiff's treating relationship with Dr. Schwartz took place after the ALJ's decision. Dr. Schwartz gives no information about the frequency of doctor/patient visits over this period. Furthermore, the RFC Form is a standardized, check-box form in which all of the questions are written in the present tense; none indicates that the answers given reflect Plaintiff's condition prior to the ALJ's decision. Furthermore, even if it were supposed that Dr. Schwartz considered the entire six month treating relationship when filling out the RFC Form, there is no reason to think that her assessment of Plaintiff's physical functional limitations would apply to any date other than the date she made the assessment.

    Plaintiff argues that Dr. Schwartz's opinions pertain to the time before September 16, 2015, because Plaintiff had received treatment from Harbor-UCLA

in June 2015, and Dr. Schwartz works at Harbor-UCLA. JS at 5. Defendant points out that Plaintiff testified that his primary physician was at MLK Center and that he only went to Harbor-UCLA for "surgery." JS at 12, citing AR 40. The surgical records for Plaintiff's stent procedure in June 2015 do not mention Dr. Schwartz.[4] AR 493-96.

In sum, there is no clear evidence in Dr. Schwartz's RFC Form to suggest that she provided a retrospective opinion on Plaintiff's condition. Therefore, Plaintiff has failed to demonstrate that Dr. Schwartz's form is probative of Plaintiff's condition before September 16, 2015.

### 2. Good Cause.

As an independent reason for rejecting Plaintiff's claim, Plaintiff has not shown good cause for not obtaining the opinion earlier. If, in fact, Plaintiff had a treating relationship with Dr. Schwartz prior to the ALJ's decision, then Plaintiff should have been able to obtain opinion evidence from Dr. Schwartz earlier. In the JS, Plaintiff fails entirely to address good cause. The record is devoid of any evidence as to when Plaintiff first asked Dr. Schwartz to complete a check-the-box RFC Form. Plaintiff has been represented by counsel since at least March 7, 2014. AR 83. At the hearing, the ALJ listed and accepted the exhibits without counsel mentioning Dr. Schwartz or any outstanding evidence. AR 35.

### D. Whether the RFC Has the Support of Substantial Evidence.

All of Plaintiff's challenges to the RFC are based on Dr. Schwartz's RFC Form. JS at 5-10. For the reasons given above, the RFC Form is not material, Plaintiff did not show good cause for failing to incorporate Dr. Schwartz's opinions into earlier administrative proceedings, and the RFC Form need not be considered in assessing

---

[4] Plaintiff underwent an angiogram, which returned abnormal results, including a "100% occlusion" of his right coronary artery. AR 494. Plaintiff's physician, Joseph Thomas, M.D., implanted a stent to correct the problem. AR 493-96.

Plaintiff's RFC. Because Plaintiff's arguments are based entirely on the RFC Form, the Commissioner's decision should be affirmed.

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: August 02, 2018

_____
KAREN E. SCOTT
United States Magistrate Judge